UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHON CHAN,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-363-CCB-SJF

**OPINION AND ORDER**

Phon Chan, an immigration detainee representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Chan has filed a reply. ECF 14, ECF 15. The parties also filed supplemental briefing. ECF 17, ECF 18. The petition is ready to be decided.

BACKGROUND

Chan was born in 1981 in a refugee camp in Thailand to ethnic Khmer Cambodian parents fleeing the Khmer Rouge. Chan entered the United States in 1982 as a lawful permanent resident at the age of one. ECF 17-1 at 8. From 1999 to 2022, Chan was convicted of multiple crimes, including indecent assault without consent, patronizing a prostitute, possessing an instrument of a crime, conspiracy, and recklessly endangering another person. *Id.* at 9. These crimes led to the initiation of removal proceedings against him.

On April 4, 2025, Immigration and Customs Enforcement (ICE) officers arrested Chan and served him a Notice to Appear, charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for committing two crimes of moral turpitude. ECF 17-1 at 1-4, 7. On September 12, 2025, an immigration judge ordered Chan removed to Thailand, or alternatively, to Cambodia. ECF 17-1 at 11-14. He waived appeal. *Id* at 14. Chan filed this habeas petition in March 2026, after six months of post-removal detention, arguing his continued detention is unlawful because his removal is not reasonably foreseeable.

In answering the petition, the Warden submitted an affidavit from an ICE enforcement removal officer, detailing the steps that have been taken towards Chan's removal. ECF 14-1. The officer attests that on or about November 19, 2025, ICE Enforcement and Removal (ERO) Chicago sent a request for the issuance of travel documents for Chan to Thailand to ERO Removal Management Division's attaché to Thailand. ECF 14-1 at 2. He attests that on or about March 23, 2026,[1] the ERO attaché responded that Chan is likely a citizen of Cambodia, and so around May 7, 2026, Chan was interviewed, and he prepared an interview sheet for Cambodia. *Id*. ICE has formally requested travel documents for petitioner from Cambodia as of July 26, 2026. ECF 17-2. The request seeks a response within 30 days. *Id*.

In reply, Chan notes that the original travel document request to Thailand was never completed, as an ICE officer believed that Chan was likely a citizen of Cambodia. He says he was interviewed on May 7, 2026, by an ICE officer about a removal to

---

[1] The affidavit states that the ERO attaché responded on March 23, 2025, but the court assumes that is a typo, and the actual date is March 23, 2026. ECF 14-1 at 2.

Cambodia, but the travel document request to Cambodia was not sent until July 26, 2026—more than two and a half months later. Further, he argues the request to Cambodia is not likely to be successful because the request did not include a birth certificate, passport, national identity card, or citizenship certificate—items which do not exist. He argues these delays and impediments to his removal to Cambodia establish that his removal is not reasonably foreseeable.

## SUBJECT MATTER JURISDICTION

The Warden first argues that the court lacks subject matter jurisdiction over Chan's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

## MERITS

Regarding the merits of the petition, the Warden first argues that Chan's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the 90-day "removal period," which for Chan ended in December 2025,[2] continued detention is authorized only for

[2] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Because Chan waived his right to appeal, his removal

certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes-sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Because Chan has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. Chan claims that his removal is not reasonably foreseeable because of the administrative delay in requesting travel documents from Thailand, and then from Cambodia, and because he has no

---

period began when his removal order was issued on September 12, 2025. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1241.1(b).

documentation connecting him to Cambodia that makes it likely the government will issue travel documents.

To Chan's point, it is concerning that the government did not submit any travel document applications until July 26, 2026, by which time he had spent nearly eleven months in post-removal order detention. However, the case history explains that delay. It was not unreasonable for ICE to attempt to remove him to Thailand first because that was the first country of removal in the removal order. ICE ERO acted reasonably promptly in preparing a travel document request for Thailand about two months after the removal order became final. It is regrettable that the ICE attaché did not respond for four months, but administrative delay is contemplated in *Zadvydas*. After this development, ICE interviewed Chan regarding removal to Cambodia reasonably promptly. The recent submission of the complete application to Cambodia persuades the court that the government is still actively working toward Chan's removal. While unreasonable administrative delay by the government can be a basis for finding that removal is not reasonably foreseeable, the delay is not unreasonable under the circumstances here. Therefore, although Chan has provided good reason to believe that his removal is not reasonably foreseeable given his background and lack of documentation, the government has rebutted this showing with evidence that travel documents have recently been requested from Cambodia. The request has been pending for about a month and a half, not long enough to presume that the request will be unsuccessful.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Chan may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on September 10, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT